UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Haswell,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>National Railroad Passenger Corporation d/b/a Amtrak,<br><br>　　　　　Defendant. | No. CV 05-723-TUC-DCB (JM)<br><br>**REPORT AND RECOMMENDATION** |

Defendant has moved pursuant to 28 U.S.C. § 1404(a) for transfer of venue of this case brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the District of Columbia District.[1] For the reasons set forth below, the Magistrate Judge recommends that the District Court, after its independent review, deny Defendant's motion.

## DISCUSSION

Plaintiff is a resident of Tucson, Arizona. Plaintiff's FOIA requests were directed to Defendant's FOIA office in Washington, D.C., and it is undisputed that the documents in question are also located there. The FOIA venue provision provides in relevant part:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are located, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

---

[1] Pursuant to Local Rule Civil 7.2(f), the Court finds this motion suitable for resolution without oral argument.

5 U.S.C. § 552(a)(4)(B). Applying this provision to the instant case, venue is proper either in this district or in the District of Columbia.

The Court must therefore determine the most convenient forum pursuant to 28 U.S.C. § 1404. The pertinent portion of that statute provides that, "[f]or the convenience of the parties and witnesses in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen. v. Barrack*, 376 U.S. 612, 622 (1964)). The courts have expounded on the requirements of section 1404(a) and have identified multiple factors to be weighed to determine whether transfer is appropriate in a particular case. Among the factors to be considered are: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). As the moving party, Defendant bears the burden of showing that the inconvenience of litigating in this forum favors transfer. *See E.&J. Gallo Winery v. F. & P.S.p. A.*, 899 F.Supp 465, 466 (E.D. Cal. 1994).

Because Plaintiff is an Arizona resident and Defendant is located in Washington, D.C., it is obviously more convenient to each party to litigate this matter in their respective resident districts. Typically, deference is accorded to a plaintiff's chosen forum. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). However, this deference should be balanced against both the extent of a defendant's contacts with the chosen forum and of plaintiff's contacts, including those relating to a plaintiff's cause of action. *Id.* "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, [a] plaintiff's choice is only entitled

2

to minimal consideration." *Id.* Here, Defendant argues that Plaintiff's forum selection is not entitled to deference because it is outweighed by considerations of convenience to the witnesses and the interests of justice.

To demonstrate an inconvenience to witnesses, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance." *A.J. Industries, Inc. v. United States District Court*, 503 F.3d 384, 389 (9th Cir. 1974). Here, these considerations carry little weight. Defendant, in its reply, notes that, "[i]t is uncontroverted that Amtrak, all of the documents at issue, and all of the employees involved in determining whether they should be disclosed to Plaintiff are located it the District of Columbia." *Reply*, p. 4. Facially, these considerations strongly support the transfer of this action to the District of Columbia. However, in the context of this case, they are much less persuasive. As Plaintiff points out, and Defendant does not directly dispute, in all likelihood, this case will be decided on summary judgment. Plaintiff's position is supported by the United States Department of Justice FOIA Guide, which in pertinent part states:

> Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved, because "in FOIA cases there is rarely any factual dispute . . . only a legal dispute over how the law is to be applied to the documents at issue." Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure, which provides, in part, that the "judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." So long as there are no material facts at issue and no facts "susceptible to divergent inferences bearing upon an issue critical to disposition of the case," summary judgment is appropriate. Of course, an agency's failure to respond to a FOIA request in a timely manner does not, by itself, justify an award of summary judgment to the requester.

FOIA Reference Guide (2005), http://www.usdoj.gov/oip/litigation.htm#judgment (last visited March 6, 2006) (footnotes omitted). A summary judgment motion will not necessitate travel of Defendant's witnesses to Arizona. Their testimony, if necessary, can be provided by affidavit. Thus, the convenience of witnesses in this case is largely irrelevant. Additionally, the documents at issue are not voluminous. Plaintiff is not seeking additional

3

documents, but is disputing only the propriety of Defendant's redaction of the 248 pages of records previously produced. The burden of providing these few pages to the Court for review is minimal and does not support the transfer of this action. *Cf. Mobil Corp. v. Sec. & Exch. Comm'n*, 550 F.Supp. 67, 70 (S.D.N.Y. 1982) (Court found that location of 7,000 documents supported transfer).

Defendant also urges the Court to transfer this matter based on the interests of judicial efficiency. First, Defendant asserts that District of D.C. was established as an "all purpose forum" for adjudicating FOIA claims and it has developed "substantial experience" in adjudicating such claims. *Motion*, pp. 4-5. While Congress did include the District of D.C. in the list of appropriate fora for FOIA claims, *see* 5 U.S.C. § 552(a)(4)(B), it did so for two reasons:

> first, to provide plaintiffs with an opportunity to bring complaints in a court which has "substantial expertise" in working with the FOIA; second, to provide a forum convenient to the defendant "since attorneys in the Justice Department in Washington, D.C., will have been involved in the initial FOIA determinations at the administrative level.

*In re Scott*, 709 F.2d 717, 720 (D.C. App. 1983) (quoting S.Rep. No. 854 93d Cong., 2d Sess. 12-13 (1974)). While it certainly would have been more convenient for the Defendant to litigate this action in the District of Columbia, Plaintiff elected not to seize the "opportunity" to do so. To now transfer this action despite the Plaintiff's election to file in Arizona would render nugatory the section 552 providing for the filing of such actions in the district in which the complainant resides. The Court does not therefore find this point persuasive in supporting the transfer.

Defendant also cites as a vital consideration the relative case loads of the respective districts. In *Ferri v. United States Department of Justice*, 441 F.Supp. 404 (M.D.Penn. 1977), the court considered this factor and found that "in light of docket congestion" and other factors, the FOIA case before them should be transferred back to the District of Columbia, where the plaintiff had originally filed the action. *Id.* at 406-407. However, in

4

*In re Scott*, the District of Columbia District indicated that docket congestion was an unacceptable rationale for transfer. There, the court stated that

> [a] transferor court should act in response to considerations, apart from the court's own convenience, for rejecting a plaintiff's forum choice. Inconvenience to the court is a relevant factor but, standing alone, it should not carry the day.

709 F.2d at 721. As discussed above, inconvenience will inure to the Plaintiff should the matter be transferred to D.C. and to the Defendant should the matter remain in this district. All other factors being equal, the Court will not rely on docket congestion as a reason to deprive Plaintiff of pursuing this action in his chosen forum.

## RECOMMENDATION

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule Civil 72.2(a)(1), Rules of Practice of the United States District Court, District of Arizona, the Magistrate Judge recommends that the District Court, after an independent review of the record, **DENY** Defendant's Motion to Transfer [Doc. No. 3].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 05-723-TUC-DCB**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 7th day of March, 2006.

Jacqueline Marshall
United States Magistrate Judge